WILLIAM LEGGETT *v.* JOSIAH BURKHALTER et al.

MISTAKE IN A BOND, MAY BE SHOWN AT LAW.—A mere clerical mistake, by which one word is inserted in the place of another, in an injunction bond, may be shown and corrected in a court of law. See *Brown* v. *Gilman*, 13 Mass. R. 161.

IN error from the Circuit Court of Covington county. Hon. John E. M'Nair, judge.

William Leggett, sued Joshua Burkhalter, Joseph M'Afee and Willis Magee, in the court below, upon an injunction bond, executed by said Josiah as principal, and the other defendants as his sureties. The bond was executed in obedience to a fiat of the chancellor, to restrain proceeding in an attachment at law, sued by Leggett against one Green, and levied on real estate, claimed by said Burkhalter and his co-complainants in the chancery suit. The condition of the bond, after reciting the attachment, and the proceeding in the chancery, is as follows:—"Now, if the said Josiah Burkhalter and others, in case the said injunction shall be dissolved, shall within thirty days thereafter, pay and satisfy such damage as defendant Leggett shall sustain in consequence of wrongfully suing out said attachment," and also all costs, &c. The plaintiff averred in his complaint, that the word "attachment" was written by mistake for "injunction," and that the injunction was dissolved, and that he had sustained damage thereby, to the amount of one thousand dollars. The defendants demurred; and their demurrer was sustained, and judgment final entered for them in the court below.

The plaintiff Legget sued out this writ of error.

*George T. Swann*, for plaintiff in error.

That the word "attachment" was inserted by mistake of the draftsman, instead of the word injunction, is evident. The record of the suit in chancery in which the bond was given, (made a part of the complaint,) clearly shows this.

This mistake defeats evidently the intention of the parties. We now insist on our right to correct, so as to effectuate what was the evident intent and object of the parties. We do not ask to be permitted to make a new contract never designed by them, but correct the bond so as to set out the contract they really made. That this can be done is well sustained by the following authorities. 1 Greenl. on Evid. §§ 282, 283, 286. "Whatever indicates the nature of the subject, is a just medium of interpretation of the language and meaning of the parties in relation to it, and is a just foundation for giving to the instrument an interpretation, when considered relatively, different from that which it would receive if considered in the abstract." Ib. § 286.

Though it is more usual to resort to a court of equity, to correct and reform mistakes in written agreements, yet courts of law are competent to receive evidence of such mistake, "when a name was omitted by mistake, or a *wrong name* inserted." See Stark on Ev. Part IV. p. 1018; *Brown* v. *Gilman*, 13 Mass. R. 161.

Mistake in a deed corrected by reference to other evidence, in a recent case in this court, not yet reported. *Cyrus Marsh* v. *Mandeville et al.*, No. 6497, opinion, citing *Pierce* v. *Parker*, 4 Met. 80.

This court, in *Peck* v. *Critchlow*, 7 How., 243, gave effect to a replevin bond, in which a similar mistake occurred, in the use of the word "*restrained*" for "*restored*." In that case, the court said, as may be well said in this :—" This is so obviously a mistake, and one which could do no injury to the parties, that we do not feel disposed to give weight to it." "To sustain such objections, would be to *sacrifice the substantial* ends of justice to its *forms.*"

In the case of *Penniman* v. *Barrymore*, 6 Mart. (La.) R., N. S. 494, where the word "dollars" was omitted in the note, the court say, "there *can be no doubt* what the parties intended to do in this instance; there is as little, we think, that the omission of the word dollars proceeded from haste, or error in transcribing," &c.

It is just as evident from the context of the bond here sued on, that the word "attachment" was used in the haste of preparing the injunction bond, by the clerk or counsel, and that the parties

*intended* what the complaint avers. Indeed, it would really seem unnecessary surplusage to aver the intent, for the inadvertence was so obviously a clerical error, that without any averment in connection with it, the instrument would have been held to be an injunction bond. It was the error of the obligor himself; he had the benefit of it, as though it had been rightly written; and without doubt, it should be most strongly construed against him.

He who has committed an error, by which he has obtained an advantage, ought to be the last to have a further benefit from his own mistake.

This point is urged with great reason and force in the opinion of the Louisiana Court, 6 Mart. N. S., last cited, 498, 499.

*J. S. Hargroves,* on same side,

Cited, Chitty, Pl. 230; Bur. Law Dict. 64; Bacon. Maxims, 90, Reg. 23; Broom, Maxims, 260; 2 Kent, Com. 556; Bac. Max. 11, 12, Reg. 3.

*Freeman* and *Dixon,* for defendants in error.

Cited, Hutch. Code, 761; 1 Phil. Ev. 424, 425, note b.; Ib. 480.

*Saffold* and *Goode,* on same side, cited and commented on 1 Greenl. Ev. § 297; and, 1 Chitty, Pl. 328.

FISHER, J., delivered the opinion of the court.

This was an action upon an injunction bond, entered into by the defendants, in the Circuit Court of Covington county.

The court below sustained a demurrer to the complaint, on the ground that the bond is not conditioned for the payment of damages upon the dissolution of the injunction. The injunction was granted, for the purpose of restraining the plaintiff from further proceedings in an attachment, which had been levied upon certain real estate. As a pre-requisite to the issuing of the injunction, the complainants, the defendants in this action, were required to enter into bond, whereupon the bond now in suit was executed. In writing the bond, the draftsman made a mistake, by using the

word "attachment," when the word "injunction" was intended. The question presented by the demurrer is, whether this mistake can be averred in pleading, and shown by proof on the trial.

It is now settled, that a mistake made in drawing a bond or other writing, may be shown in a court of law as well as in equity. The only difference is, that some mistakes can only be remedied in a court of equity, because the instrument must be reformed, so as to carry into effect the intention and contract of the parties. The mistake now in question, however, is one which may be corrected as well in a court of law as in a court of equity. *Brown* v. *Gilman,* 13 Mass. R. 161.

Judgment reversed, demurrer overruled, and cause remanded.